J-S16005-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
VICTOR SIMMONS :
:
Appellant : No. 1225 EDA 2022

Appeal from the PCRA Order Entered April 21, 2022
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0000890-2017

BEFORE: DUBOW, J., MURRAY, J., and McCAFFERY, J.

JUDGMENT ORDER BY DUBOW, J.: **FILED MAY 30, 2023**

Appellant, Victor Simmons, appeals *pro se* from the April 21, 2022 order, entered in the Montgomery County Court of Common Pleas, dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as meritless. After careful review, we dismiss this appeal.[1]

The sprawling *pro se* Brief that Appellant has submitted to this Court fails to conform to the basic requirements of appellate advocacy. Appellant's Brief does not include: (1) a complete statement of the relevant facts and procedural history; (2) a copy of his Rule 1925(b) statement; (3) the order in

_____

[1] In light of our disposition, we deny Appellant's February 24, 2023 "Motion for Relief to Preserve Discovered Facts," April 27, 2023 "Motion for Relief," April 28, 2023 "Motion of Relief as Ordered by Superior Court to PCRA Court," and May 17, 2023 "Motion of Relief to Disqualify Prior Record Based on Gideon v. Wainwright Violation."

question; or (4) a copy of the PCRA court's Rule 1925(a) opinion. *See* Pa.R.A.P. 2111(a) (listing required contents for appellate briefs).

Notably, Appellant has violated Rule 2117, which requires a "closely condensed chronological statement, in narrative form, of all the facts which are necessary to be known in order to determine the points in controversy, with an appropriate reference in each instance to the place in the record where the evidence substantiating the fact relied on may be found." Pa.R.A.P. 2117(a)(4). The certified record in this case spans more than one thousand pages and the case's history is voluminous as it involved pre-trial proceedings, a plea, post-sentence motions, a direct appeal, and post-conviction proceedings that included numerous *pro se* filings, the appointment of two PCRA attorneys, and multiple *Grazier*[2] hearings. Nevertheless, Appellant has included in his brief only a one-sentence "Statement of the Case" summarizing that he pleaded guilty to three counts of robbery in 2017 and received a 14- to 30-year sentence.[3]

Furthermore, Appellant's brief is devoid of any citation to the record and, although Appellant has provided citation to legal authority, he has not discussed or analyzed the authority in light of the facts of this case. *See*

---

[2] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

[3] Appellant's statement of the case does not provide any information about the proceedings that gave rise to the instant appeal.

Appellant's Brief at 8-24.[4]  "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." *Eichman v. McKeon*, 824 A.2d 305, 319 (Pa. Super. 2003) (citations omitted).  *See* Pa.R.A.P. 2111; Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). Furthermore, "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof." *Branch Banking and Trust v. Gesiorski*, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted).  *See* Pa.R.A.P. 2101 (explaining that substantial briefing defects may result in dismissal of appeal).

"While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because [he] lacks legal training." *Gesiorski*, 904 A.2d at 942 (citation omitted).  "As our [S]upreme [C]ourt has explained, any layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing." *Id.* (citation omitted).

_____

[4] The argument section of Appellant's brief contains five discrete sections separated by numerous pages of "exhibits" comprised of, *inter alia*, docket sheets, prior orders and opinions from this Court, the trial court, and the PCRA court, excerpts from the notes of testimony of various proceedings including Appellant's guilty plea hearing, copies of Appellant's photograph, witness statements, the affidavit of probable cause relevant to one of the charged crimes, and Appellant's written guilty plea form.

In the present case, even a liberal construction of Appellant's Brief cannot remedy the serious inadequacies. Accordingly, we dismiss the appeal due to the substantial briefing defects in Appellant's Brief, which fatally hamper our ability to conduct meaningful appellate review. *See* Pa.R.A.P. 2101.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/30/2023